IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)   No. 2:11-cr-00003-1 |
| v. | )<br>)   JUDGE SHARP |
| WILLIAM E. MCGUIRE, JR. | ) |

## PETITION TO ENTER PLEA OF GUILTY

I, William E. McGuire, Jr., respectfully represent to the Court as follows:

(1) My true full name is William Earl McGuire, Jr. I was born on November 4, 1980, and I am 31 years old. I completed 11 years of formal education, and later obtained my GED.

(2) My appointed lawyer is Michael E Terry.

(3) I have received a copy of the Second Superseding Indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the Indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matter mentioned in the Second Superseding Indictment. My lawyer had counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me, and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is as to **Count 1 of the Second Superseding Indictment** – Conspiracy to possess with intent to distribute marijuana and methamphetamine, in violation of Title 21 U.S.C. Section 846:

    i.    not more than twenty (20) years imprisonment;
    ii.   a term of supervised release of not ~~more~~ less than three (3) years in addition to such term of imprisonment;
    iii.  a fine of up to $1,000,000.; and
    iv.  a mandatory $100 special assessment.

(6) I understand that the statutory penalty for the offenses with which I am charged is as to **Count 3 of the Second Superseding Indictment** – Possession of an unregistered short barreled shotgun, in violation of Title 26 U.S.C. Section 5861(d) and 5871:

    v.    not more than ten (10) years imprisonment;
    vi.    a term of supervised release of not more than three (3) years in addition to such term of imprisonment;
    vii.    a fine of up to $250,000.;and
    viii.    a mandatory $100 special assessment.

I understand that terms of imprisonment for convictions on more than one count may be ordered to run concurrently or consecutively with each other.

(7) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court.

I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony, punishable by twenty or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.] I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself, and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons, which will make the final decision (after I am sentenced) about where I will be incarcerated.

3

(11) My lawyer has done all the investigation and research in this case that I have asked her to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with her representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: **Guilty to the Second Superseding Indictment as to Count One and Count Three**

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the <u>Federal Rules of Criminal Procedure</u>. The plea agreement is as follows: **PLEA AGREEMENT as attached.**

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 1st day of November 2012.

*/s/ William E. McGuire, Jr.*
**William E. McGuire, Jr**
**Defendant**

### CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for **William E. McGuire, Jr.**, hereby certifies as follows:

(1) I have read and fully explained to defendant **William E. McGuire, Jr.** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **William E. McGuire, Jr.**, of the forgoing petition is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested of the foregoing petition.

Signed by me in open court in the presence of defendant **William E. McGuire, Jr.** this 1st day of November 2012.

*[signature]*
**MICHAEL E. TERRY**
Lawyer for the Defendant

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

*[signature]*
**Lawyer for Government**

# ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of her/his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this __ day of _____, 20__.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:11-cr-0003 |
| v. | ) Judge Sharp |
| | ) |
| WILLIAM EARL McGUIRE, JR. | ) |

## PLEA AGREEMENT

The United States of America, through Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney William L. Deneke, and defendant, William Earl McGuire, Jr., through defendant's counsel, Michael Terry and Stephanie Gore, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the second superseding indictment in this case, in Count One with conspiracy to possess with intent to distribute marijuana and methamphetamine in violation of Title 21, United States Code, Section 846; in Count Two with possessing a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code Section 924(c)(1)(A); in Count Three with possession of an unregistered short barreled shotgun in violation of Title 26, United States Code Sections 5861(d) and 5871; and in Count Four with being a convicted felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

2. Defendant has read the charges against him contained in the second superseding indictment, and those charges have been fully explained to him by his attorneys. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Three of the second superseding indictment, charging conspiracy to distribute marijuana and methamphetamine and possession of a short barreled shotgun which was not registered to him in the National Firearms Registration and Transfer Record. The government agrees to dismiss the remaining Counts of the Second Superseding Indictment against the defendant after sentence has been imposed.

### Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties: for Count One, 20 years imprisonment, a fine of 1 million dollars, a term of supervised release of at least 3 years, and a special assessment of $100; for Count Three, 10 years imprisonment, a fine of $250,000, a term of supervised release of 3 years, and a $100 special assessment. Defendant further understands that the Court may order restitution to the victims of these offenses.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 2:11-cr-0003.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial

would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

(b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

3

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights.

### Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Three of the second superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

a. With regard to Count One, between September, 2009 and March 26, 2010, the defendant did conspire with Joshua Caldwell, Derrick Linder, and others to distribute marijuana and to manufacture and distribute methamphetamine. During this time period, the defendant obtained approximately 50 pounds of marijuana from Joshua Caldwell, and distributed it from his residence in Lafayette, Tennessee and elsewhere to WB, MH, DL, BR and others. During February and March, 2010, defendant collected precursors for methamphetamine from a large number of sources and conspired with Joshua Caldwell, Derrick Linder, KW, W "B" R, and others to manufacture methamphetamine, some of which he then sold to others. During this period, defendant possessed and sold at least 5 grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance. This conspiracy was carried out in the Middle District of Tennessee.

b. With regard to Count Three, between September, 2009 and December, 2009, the defendant knowingly possessed and used a New England Firearms, Model SB1, 20 gauge shotgun which had both the barrel and stock cut off, resulting in a shotgun with a barrel length of approximately 12 inches and an overall length of approximately 17 inches. This short-barreled shotgun is a "firearm" as that term is defined in 26 U.S.C. § 5845(a)(2) because it is a weapon made from a shotgun with an overall length of less than 26 inches, and with a barrel of less than 16 inches

4

in length. This weapon was required to be registered in the National Firearms Registration and Transfer Record. The defendant did not register this particular weapon, and has never registered any weapon, in the National Firearms Registration and Transfer Record. The defendant kept this short-barreled shotgun to protect the marijuana he kept for sale at his home in Lafayette, Tennessee, within the Middle District of Tennessee.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2011.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant recommend to the Court:

    (a) **Offense Level Calculations.**

        i. The conviction offenses group pursuant to U.S.S.G. § 3D1.2(c). Furthermore, pursuant to U.S.S.G. § 3D1.3(a), the offense level calculations are governed by the guideline provision that produces the highest offense level. In this case, U.S.S.G. § 4B1.1, the guideline applicable to Count One,
5

produces the highest offense level. Therefore, for purposes of calculating the offense level in this agreement, U.S.S.G. § 4B1.1 is used.

  ii. The base offense level for Count One is 32. The defendant qualifies as a Career Offender because he was at least 18 years old at the time of the instant offense, the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

  iii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

 (b) **Criminal History Category.** The parties agree that defendant's criminal history category, as a Career Offender, will be VI, pursuant to U.S.S.G. § 4B1.1(b).

 (c) **Guidelines Range.** Therefore, the parties believe, based upon information presently available to them, that defendant will have an offense level of 29 which, when combined with an anticipated Criminal History Category of VI will result in a sentencing guideline range of 151-188 months imprisonment, and a fine range of $15,000 to $150,000. Defendant understands

that the offense level as ultimately determined by the Court (the "court-determined offense level") may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level. Defendant understands that the court-determined guidelines range may be different from the Recommended Guidelines Range.

### Agreements Relating to Sentencing

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed, notwithstanding the advisory sentencing guideline range, that the sentence imposed by the Court shall include a term of imprisonment of 192 months in the custody of the Bureau of Prisons, followed by a term of supervised release of 120 months. Defendant acknowledges that this sentence is above the advisory sentencing guideline range for the offenses to which he is pleading guilty, but further acknowledges that his plea agreement will result in the government dismissing Count Two of the Second Superseding Indictment which, if he had been convicted, would have resulted in a statutory minimum mandatory sentence of 10 years, consecutive to the offenses to which he is pleading guilty, pursuant to 18 U.S.C. § 924(c). Other than the agreed term of incarceration and supervised release, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration and supervised release set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration and supervised release, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution to victims of his crime, minus any credit for funds repaid prior to sentencing.

13. Defendant agrees to pay the special assessment of $200 with a check or money order payable to the Clerk of the U.S. District Court.

## Abandonment of Property

14. Defendant agrees that the firearm, identified as: New England Firearms, Model SB1, 20 gauge shotgun which had both the barrel and stock cut off, resulting in a shotgun with a barrel length of approximately 12 inches and an overall length of approximately 17 inches is evidence, contraband, or fruits of the crime for which he pleads guilty. As such, the defendant hereby relinquishes all claim, title, and interest to such property and cedes whatever interest he may have in such property to the United States with the understanding, acknowledgment, and agreement that the property may be destroyed or returned to the rightful owner without further proceedings.

## Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to execute truthfully and completely a Financial Statement prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that

providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of 18 U.S.C. § 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Waiver of Appellate Rights

18. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence which includes imprisonment for 192 months followed by 120 months of Supervised Release. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise,

the government waives the right to appeal any sentence which includes imprisonment for 192 months followed by 120 months of Supervised Release.

### Other Terms

19. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

20. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

### Conclusion

21. Defendant understands that the second superceding indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

22. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

23. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

24. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

25. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending second superseding indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorneys. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11-1-12

*William E. McGuire Jr.*
William Earl McGuire, Jr.
Defendant

26. <u>Defense Counsel Signature:</u> We are counsel for defendant in this case. We have fully explained to defendant his rights with respect to the pending second superseding indictment. Further, we have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and we have fully explained to defendant the provisions of those guidelines that may apply in this case. We have reviewed carefully every part of this Plea Agreement with defendant. To our knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11-1-12

Michael E. Terry
Attorney for William McGuire

Stephanie H. Gore
Attorney for William McGuire

Respectfully submitted,

Jerry E. Martin
United States Attorney for the
Middle District of Tennessee

By: *William Deneke*
William L. Deneke
Assistant United States Attorney

Philip Wehby
Assistant United States Attorney